D.S. v. City of New York and Legal Aid Society. It's the button in front of that one, Ms. Murray. In front of it. Where? The black button. Thank you. Is it up? Just a little bit. Okay. Tell me when you're comfortable. That's good. That's good? Yeah. Thank you. Good morning, Your Honors. Good morning. May I ask if Your Honors have any questions to ask of me with regard to the information contained in the brief? We'll hear your argument, certainly, but . . . Well, I didn't want to repeat the brief. That was my only thought. I have a question for you. Could you explain what's happened with the State of New York as a defendant, even in the amended complaint? They didn't appear there, and it seemed to me that by including the State of New York, that would have enabled you to get discovery about personnel at Goshen, Brookwood, and Rockland. I saw some discussion of . . . well, I just . . . maybe you could explain where the State is in this as a defendant. The State is that action is stayed. The stipulation that I sent to the court was signed by the attorney for the State and myself, and at the time that it was sent, it had not been so ordered by the court, by the Court of Claims, and it has been, so that case has stayed pending this decision. You have a live claim against the State of New York? We have a live claim. And the Court of Claims? And the Court of Claims. Well, actually, we have . . . the Court of Claims action was commenced. That stayed. Why were they not named here originally, though, as defendants? I beg your pardon? Can you just explain why you did not name them as defendants in this action? Because it would be a prior action pending, and it would be a motion to dismiss that cause, that action, because there is a prior action pending, and the whole purpose of beginning the case in the Court of Claims is because of the statutory requirement of that issue that had to be brought. So if we had then also, after having the Court of Claims involved, where we obtained a stay, if at that point we would have then brought in the State of New York in the District Court, a motion would have been made to dismiss on the ground that there is a previous action pending. Is it your understanding that you will be able to proceed against the State in the Court of Claims if this Court affirms the dismissal of the . . . No, we understand that. We strongly urge the Court not to do that because . . . Just so I'm clear, in response to Judge Carney's question, the answer is you are still able to proceed against the State of New York in the State proper? Until January 2019. Thank you. I have another question for you. Is Diaz still a minor? Or I was trying to figure out his date of birth. Just recently, I think he became 18. And is he capable of giving consent to your representation, or is his circumstance such that he's not? Capable? I missed that. Is he competent to give consent to your representation? I have not had an evaluation on that point. But as far as you know, he consents to your . . . Oh, yes. Yes, absolutely. But, I mean, as far as medically, I haven't had that evaluation. And do you have . . . You appealed rather than replead the claims that were dismissed for lack of factual detail. Yes.  The reason for that . . . I was curious about that. Yes. Yes. Is because Judge Sterling Johnson said in his decision on that, that the plaintiff can serve an amended complaint to answer the defendant's issues. And he didn't say that we could answer his findings. So we didn't . . . There was very little we could do. And also, in the many cases that I've cited here that the Second Circuit has ruled on, there was, on this issue of sufficiency of complaint, at least half of them are the Second Circuit. There are about 15 cases here, and that's in Argument 1. And the fact that Judge Sterling Johnson said the allegations were implausible, you have . . . This Court has previously ruled that implausibility doesn't mean probability. And we cannot have those records because those records are sealed. And we can't get those sealed records until there's a case, a live case, in the District Court. And that's the whole point. And in these cases that I've cited that this Court has previously ruled, on page 20 . . . Let's see. That's 27, 28, and 29. And there are so many of them. It's . . . For example, in 2016, in Anderson News v. American Media, this Court held that requirement that a plaintiff plead plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage for a claim alleging a violation. It simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence. I think part of the District Court's difficulty here was that you named city defendants in the Legal Aid Society in a 1983 action . . . Yes. Right? Under which you have to have a defendant acting under color of state law. And this Court also ruled on that point. Just a moment, if Your Honor pleases. Well, you see, the Children's Aid Society, which is an appellee here, the City of New York, and the Legal Aid Society, they're also appellees. And under color of law . . . Under state law. State law. They acted together in the sentencing phase here. Because the Children's Aid Society has rules and regulations which are attached as exhibits to the brief for the appellant, where they have policies of investigating and determining mental capacity and psychiatric disabilities and so on. And they didn't do that. And neither did Legal Aid. We have ruled previously, I think the case is called Left Court, that the Legal Aid Society is not a state actor, and therefore it's not a proper . . . Not a state actor, depending on what role they had. But in this role, they won the role of sentencing. You're saying the Legal . . . they did the sentencing? Well, Legal Aid doesn't stop once there's a conviction. It continues to represent the place, the accused or the defendant, in the next phase of proceedings, which would be the sentencing. How did that make them a state actor? Because the Children's Aid Society, by its own mission statement, is responsible for the welfare and proceedings against juveniles. If this court were to uphold Judge Sterling's ruling, then where does it end? Age fourteen, age twelve, age ten, a child can decide whether he's going to go to prison or whether he's going to go to a psychiatric hospital. Where does it end? So, if we appoint federal defenders who happen to catch the client at age seventeen, then the federal defender becomes a state actor, becomes a government actor for purposes of . . . that would be a Bivens action, I guess, if it's in federal court. I don't see how counsel, a person acting in the role of counsel, and our case law, I think, is contrary to the position you're asserting. You don't have a case for that proposition, that a legal aid lawyer representing a child becomes a state actor? Well, if they're in conferences and discussions with regard to this child deciding what's to become of him . . . Are you a state actor when you do that? It depends to what extent, I would say. In this case, there's a blurring of territory between Legal Aid Society and the Children's Aid Society, both of whom were looking after the welfare of this child. Thank you, Ms. Moreno. Are you reserved three minutes for rebuttal? Yes. We'll hear from . . . Ms. Paulson, are you first? May it please the Court, Susan Paulson on behalf of the Administration for Children's Services and the City of New York. Your Honor, represented by counsel and with two opportunities to plead, the plaintiff has failed to sufficiently plead any claims upon which relief can be granted. The plaintiff did not even address in her brief the fact that the Fourth, Fifth, and Sixth Amendment claims are barred by the Supreme Court's decision in Heck v. Humphrey. And the only argument in that regard was that conditions of confinement are not so barred, which the district court did not hold. With regard to the other claims, the district court dismissed them, the First, the Eighth, and the Fourteenth Amendment claims, for facial implausibility . . . Could you address the Eighth Amendment claim with regard to the DS's time at Crossroads Secure Center, which I think is operated by the City, in which it's alleged that DS, again at age 14, was assaulted and severely beaten by other children, sustaining injuries to his face and so on, denied adequate medical care, remaining there without medication or treatment for a couple of months. Why aren't the pleadings there adequate to survive the motion to dismiss? Yes, Your Honor. I would direct Your Honor's attention to page A32 of the appendix, where in paragraph 55 of the complaint is the entirety of the allegation against ACS for the actions that are alleged to have occurred at the Crossroads Secure Center. And you will see from reading that that there's the allegation, as you just yourself articulated, that the plaintiff was assaulted and severely beaten while there, and that he was denied adequate medical attention. What is missing from that allegation is any allegation that the defendants knew of and disregarded an excessive risk of harm. And that's what's required in order to state a claim under the Eighth Amendment. And for that reason, because there is no factual content that is pled that would allow the court to infer that there's an Eighth Amendment violation, that claim is facially implausible. If there are no other further questions, I will rest on my brief. Excuse me. Thank you, Ms. Paulson. Thank you. Mr. Livingston? Good morning. Peter Livingston of Anderson Kill on behalf of Legal Aid Society and its two attorneys that are named in this case. I think the court has addressed the issue that a 1983 case does not pertain to Legal Aid Society. And in fact, this court and the left court decision made that finding. And as Judge Johnson found, Legal Aid's role here was to oppose the state, not to act with the state. I would urge the court to affirm the decision of Judge Sterling Johnson with respect to this matter. There was no cause of action for municipal, I believe, since Legal Aid Society is not a municipality. And the claim for state law would not survive a motion, whether it be in this court or in the state court. The Court of Appeals, in a number of cases, including Carmel v. Lunney and Britt v. Legal Aid, says that a conviction must be disturbed before you can bring any type of a malpractice case. And as counsel has pointed out in her brief and appendix, the conviction has never been disturbed. Let me just ask a factual question. I don't want to get beyond the record, but because it has to do with Legal Aid's representation of D.S. I gather that at the sentencing in 2012, the state trial court asked D.S., who was then around age 14, whether he'd like to be sentenced to four years in prison or one year in a psychiatric hospital. And there were linguistic difficulties. I can't tell whether his mother was present or not. And he chose prison. Was the Legal Aid lawyer there representing him at that sentencing proceeding? Do you have records? I believe so, but I don't. I can't be certain, but I do believe so. Okay. Thank you. Yeah. If there are no further questions, we'll rest on our brief. Thank you, Mr. Livingston. Thank you. Ms. Marina, you've reserved three minutes. Just very briefly, I think that Judge Johnson also said that Heck does not apply, and his decision, by recollection, serves me correctly. Okay. Thank you very much, Your Honor. Check that. Thank you very much. Thank you all. We'll reserve decision in this case.